UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JAN 13 2014

CLERK, US DISTRICT COURT

MICHAEL WILLIAMSON, ET AL,

    Plaintiffs,

v.                              ACTION NO. 2:14cv9

COLUMBUS-AMERICA DISCOVERY GROUP, ET AL,

    Defendants.

### ORDER

This matter comes before the court on the Plaintiffs' Rule B Attachment Application ("Application"), filed on January 9, 2014. The Plaintiffs are seeking to attach "intangible property rights that [the Defendants] possess to salvage the S.S. Central America, as well as tangible property in the form of any treasure that Defendants recover and bring into this Court for a salvage award." Pls.' Mem. Supp. at 1.

"[A]ttachment pursuant to Supplemental Rule B [of the Supplemental Rules for Admiralty] is recognized as a "prejudgment mechanism used by parties in admiralty cases to secure jurisdiction over an absent party and to obtain security for potential judgment where the absent party's assets are transitory." Vitol, S.A. v. Primerose Shipping Co. Ltd., 708 F.3d 527, 536 (4th Cir. 2013). An attachment under Rule B can only issue if it is shown: "(1) that the plaintiff has a valid prima facie admiralty claim against the defendant; (2) that the

defendant cannot be found within the district; (3) that the defendant's property may be found within the district; and (4) that there is no statutory or maritime law bar to the attachment." Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008).

This matter arises from a case with a long history in this court, dating back more than a quarter-century. Columbus-Am. Discovery Grp., Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 2:87cv363 Complaint, (May 27, 1987). The court must consider the extensive law of the case and any other relevant information from Columbus-America that would affect the instant case. The court must also address concerns it has about whether the Defendants can be found in this district, whether the Defendants in fact have property in this district for purposes of Rule B, and whether the Plaintiffs have already obtained sufficient security for the potential judgment.

There is nothing in Rule B or the other Supplemental Rules for Admiralty that requires the court to make a decision immediately upon application by the Plaintiffs. There is also no immediacy from any likelihood that the property in question is to leave the district in the foreseeable future, as is often the case with vessels or property on vessels. See Williamson, 542 F.3d at 48. The property which the Plaintiffs seek to attach would be either under the custody of the court or 8,000 feet

below the surface of the Atlantic Ocean and approximately 160 miles off the coast of South Carolina. Pls.' Verified Compl. ¶ 17.

Accordingly, the Plaintiffs are **ADVISED** that the court will take the Application under consideration and, if necessary, schedule a hearing on the matter before issuing an order in the near future.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Plaintiffs.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

January 13, 2014

3